UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Misty McDivitt,                                                Case No. 3:14 cv 2087

                Plaintiff

      v.                                                 MEMORANDUM OPINION
                                                      AND ORDER

City of Fremont, et al.,

                Defendants

This matter comes before me on the City of Fremont and T.J. Wolfe's unopposed motion for a more definite statement. For the reasons that follow, Defendants' motion is denied.

Plaintiff Misty McDivitt was arrested on September 19, 2013, by an officer of the Fremont Police Department. The actions of Officer Donnale Williams following McDivitt's arrest are the basis for the allegations underlying her claims in the complaint filed September 18, 2014.

Named as Defendants are the City of Fremont, Donnale Williams, T.J. Wolfe, City of Fremont Police Division, and John/Jane Doe 1-10 City of Fremont Police Division. The causes of action include: (1) Fourth Amendment Violation Pursuant to 42 U.S.C. § 1983 and § 1985; Unconstitutional Search and Seizure, Use of Excessive Force and Civil Conspiracy; (2) Violation of Article I, Section 1 of the Ohio Constitution; (3) Punitive Damages; (4) 42 U.S.C. § 1983 Policy Claim against City of Fremont Police Department; (5) State Law *Respondeat Superior* Claim against City of Fremont, Police Division; (6) Color of Law Claims against City of Fremont, Police Division; and (7) State Law Assault and Battery Claim. (Compl. at pp. 5-13).

The prayer for relief request as follows:

    A. Declare the defendants have unlawfully violated her constitutional rights as secured by the United States and Ohio Constitutions;

    B. Hold defendants liable for their unconstitutional conduct and unlawful actions against her;

    C. Order and award Misty McDivitt, as against the defendants, in excess of two hundred thousand dollars ($200,000.00) in actual and compensatory damages, plus interest, for the violation of her constitutional rights;

    D. Order and award Misty McDivitt as against the defendants, two hundred thousand dollars ($200,000.00) in punitive damages, plus interest, for the violation of his civil and constitutional rights, false imprisonment, deprivation of liberty without due process, and the assault and battery.

    E. Order the City of Fremont, Police Division, to immediately conduct remedial training to correct the unlawful groping of individuals in custody.

    F. Award plaintiff attorney fees pursuant to 42 U.S.C. § 1988;

    G. Award plaintiff attorney fees pursuant to Ohio law.

    H. Award Plaintiff costs of pursuing this litigation; [and]

    I. Award any other such relief as the Court may determine to be just and proper.

(*Id.* at p. 14).

    Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for a more definite statement are generally disfavored but appropriate in those instances where there has not been compliance with Rule 8 but the deficiency is not so material that the pleading should be dismissed pursuant to Rule 12(b)(6). *See* 2 James Wm. Moore, MOORE'S FEDERAL PRACTICE § 12.36[1] (3d ed. 2014).

Defendants City of Fremont and T.J. Wolfe contend good cause exists for a more definite statement because of inconsistencies which refer to the Defendants, both in the singular and plural. Because of these inconsistencies they are unable to "be certain if particular allegations refer to them, and they would have little choice but to make general denials of numerous unclear allegations." (Mot. at p. 2).

Additionally, they note use of the wrong pronouns in Paragraph 56 and the "apparently erroneous language" contained in Paragraph 13[1].

In reviewing the entire complaint, it is clear some of the claims are asserted solely against the City of Fremont Police Department. (Compl. at pp. 10-12, Claims Four through Six). The Seventh cause of action appears to be against Defendant Williams.

While there is arguably some ambiguity as to which Defendants are the subject of the remaining claims, the Defendants state "they would have little choice but to make general denials" as to the other "unclear allegations." (Mot. at p. 2).

Where a pleading is so ambiguous that the responding party is incapable of fashioning an appropriate response, it is appropriate to move for a more definite statement. The causes of action here are not so vague, ambiguous, or unintelligible that they fail to put the Defendants on notice of the claims asserted by the Plaintiff. While the misuse of pronouns and imprecise language may be indicative of a failure to proofread, these missteps are not reasons for ordering a more definite statement.

Finally, I note that Defendant Williams was able to fashion an answer to this complaint and as noted above, the remaining Defendants could assert a general denial to those claims which are lacking in clarity.

---

[1] "13. Misty McDivitt was in the custody and control of officer Donnale Williams, who handcuffed Misty McDivitt and placed her into officer [sic] his police car." (Doc. No. 1 at p. 4).

3

Accordingly, the motion for a more definite statement (Doc. No. 5) is denied.

So Ordered.

                                              s/ Jeffrey J. Helmick
                                              United States District Judge